United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

D-3  Donell Thompson,
      a/k/a "Dnell"

    Defendant.

Case No: 2:16-cr-20460

Honorable Mark A. Goldsmith

---

## Preliminary Order of Forfeiture

---

Based upon the Second Superseding Indictment, Defendant Donell Thompson's Rule 11 Plea Agreement, his conviction for violating of 18 U.S.C. § 1962 (Count One of the Second Superseding Indictment), the Government's Unopposed Application for Entry of a Preliminary Order of Forfeiture, and other information in the record, and pursuant to 18 U.S.C. § 1963(a)(1)-(3) and Rule 32.2 of the Federal Rules of Criminal Procedure IT IS HEREBY ORDERED that

1. Defendant shall forfeit:

    a. any and all interest Defendant has acquired or maintained in violation of 18 U.S.C. § 1962;

b. any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in Count One of the Second Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and

c. any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962.

2. The following property IS FORFEITED to the United States pursuant to 18 U.S.C. § 1963(a)(1)-(3) for disposition according to law, and any right, title or interest of Defendant and any right, title or interest that his heirs, successors or assigns, have, or may have, in any of the Subject Property IS HEREBY AND FOREVER EXTINGUISHED:

   a. Fifteen (15) 9mm rounds of ammo;
   b. Springfield Armory 9mm handgun, model: XD-9, S/N: GM915271, with magazine;
   c. Eighteen (18) live 5.7mm rounds of ammo;
   d. FNH 5.7 x 28 caliber handgun, model: five-seven, S/N: 386283212, with magazine;
   e. Four (4) live .380 rounds;
   f. AT&T GoPhone cell phone, model: Z222, S/N: 327B503809CF;

g. T-mobile SIM card;

h. Alcatel One Touch Fling cell phone, model: 2017B, S/N: unknown, FCC ID: RAD506;

i. Motorola C139 cell phone, model: TFC139BKB, S/N: unknown, FCC ID: IHDT56EX1;
j. LG cell phone, model: LGMS450, S/N: 411CYMR376971;

k. Samsung cell phone, model: SGH-S125G, S/N: R21D87ZBTYH;

l. LG cell phone, model: LG440G, S/N: 309CYPY193264;

m. Apple iPhone 4 cell phone, model: A1332, S/N: unknown, FCC ID: BCG-E2380A;

n. Alcatel Sparq cell phone, model: OT-606A, S/N: unknown, IMEI: 013379001286973;

o. Apple iPhone 5s cell phone, model: A1533, S/N: unknown, FCC ID: BCG-E2642A, IMEI: 013849004997644;
p. Samsung Galaxy SIII cell phone, model: SPH-L710, S/N: unknown, FCC ID: A3LSPHL710;

q. XD mod .2 w/grip zone gun case, contains stickers on outside of case that match the Springfield 9mm XD-9 handgun, inside of case contains:
   *XD Gear holster
   *XD Gear speed loader
   *XD Gear dual magazine (XD-BDMP)
   *empty magazine
   *lock & key for case
   *One (1) spent 9mm shell casing
   *Miscellaneous user safety manuals;

r. Proscan tablet computer, model: PLT7602G, S/N: A1407117690000621;

s. Magazine;

t. LG cell phone, model: LGMS450, S/N: 409CYGW104575;

u. LG cell phone, model: LGMS450, S/N: 504CYLH782808, with cord;

v. LG cell phone, model: LGMS450, S/N: 411CYPY291544;

w. LG cell phone, model: LGMS450, S/N: 408CYPY009496;

x. Apple iPhone 6 Plus cell phone, model: A1524, S/N: unknown, FCC ID: BCG-E2817A, IMEI: 354442066314325, with cord & charger;

y. 9mm 30-round magazine;

z. 9 mm shells;

aa. 9 mm shells; and

bb. 9 mm shells;

(hereinafter collectively referred to as the "Subject Property").

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant upon entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence and included in the Judgment.

4. Upon entry of this Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 1963(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to

dispose of the Subject Property on the internet site, www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 18 U.S.C. § 1963(1)(2), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property.

5. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The United States is hereby authorized, pursuant to 18 U.S.C. § 1963(k) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

7. If no third party files a timely petition before the expiration of the period provided in 18 U.S.C. § 1963, then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

8. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture and/or a Final Order of Forfeiture that addresses the disposition of any third party petitions.

9. After this Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended or Final Order of Forfeiture that addresses the disposition of any third party petitions, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

10. The Court retains jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED**.

Dated: August 26, 2019           s/Mark A. Goldsmith
                                 HONORABLE MARK A. GOLDSMITH
                                 United States District Judge